IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20766
Summary Calendar
_____

TIMOTHY RAY DRIVER,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; ROCHELLE MCKINNEY; KENT RAMSEY;
PRISCILLA DALY; MARSHALL HERKLOTZ; T. GARCIA;
CAPTAIN BELL; D. DRECKT; E. FOX; F. CHERIAN;
V. PORTER; J. AGULAR; OFFICER SIMMONS,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-1895
- - - - - - - - - - -
November 13, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Timothy Ray Driver, a Texas prisoner (# 663510), appeals
the district court's dismissal of his *pro se*, *in forma pauperis*
civil rights action, filed pursuant to 42 U.S.C. § 1983.
Driver's motion for leave to supplement his brief is GRANTED.

    Driver has abandoned the following issues, which he raised
in the district court, by failing to assert these claims in this

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court: (1) that the defendants failed to provide adequate medical treatment; (2) that the defendants retaliated against him; (3) that the defendants assigned him to work in the sun in contravention of his medical restrictions; and (4) that the defendants confined him in a cell where he was exposed to extreme temperatures in contravention of his medical restrictions. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)(issues not asserted on appeal are abandoned).

Driver contends that the defendants violated his rights to due process by failing to afford him a full 24-hour period prior to the hearing on his disciplinary charges. Driver also contends that he should not have been found guilty of the charges. This court "will not review the sufficiency of the evidence at a [prison] disciplinary hearing; a finding of guilt requires only the support of `some facts' or `any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)(citations omitted). The record demonstrates support for the finding of guilt. Driver has not shown the violation of a constitutional right. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). Due process requires that the notice be sufficient to inform the inmate of the charges and "to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The record shows that Driver was given sufficient notice, and Driver has not identified the evidence he was unable to produce for the hearing. In *Sandin v. Conner*, 115 S. Ct. 2293, 2300 (1995), the Supreme Court reaffirmed that the focus of a due process analysis

should be the nature of the prisoner's right that has been affected. Driver has not shown that his disciplinary proceedings implicated the kind of liberty interest described in *Sandin*. The district court's decision on Driver's due process claim is AFFIRMED.

Driver, who is a below-the-knee amputee, contends that the prison lacked sufficient accommodations for his condition. Driver asserts that the shower did not have handrails, that the metal shower floor became slippery, and that he had to hop the step to enter or exit the shower. Driver contends that he was required to walk a 1/4-mile circular path to reach the commissary, shower, cafeteria, or infirmary. Driver asserts that he slipped in the shower and that he was unable to walk the required distance without aggravating his condition.

The Eighth Amendment's provision against cruel and unusual punishment "imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)(citation and footnote omitted). The Amendment creates a duty for prison officials to provide "humane conditions of confinement." *Id.* at 581 n.10.

The district court did not address Driver's claims related to the conditions of his confinement separately from the claims based on his receipt of medical treatment. Accordingly, we VACATE the district court's decision in part, and REMAND for further proceedings in connection with Driver's claims that requiring him to walk long distances and to shower in a facility

that was not equipped for his condition violated his rights under the Eighth Amendment.

Driver contends that the defendants acted with deliberate indifference to his condition by assigning him to work a job that required him to walk 300 to 400 yards, four times per day. Driver contends also that the defendants refused to enforce the medical restriction that permitted him to walk the shortest route to his destination.

Prison work requirements which compel inmates to perform physical labor which is beyond their strength, endanger their lives, or cause undue pain may constitute cruel and unusual punishment. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The "constitutionality of a particular working condition must be evaluated in the light of the particular medical conditions of the complaining prisoner." *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

The district court did not address these claims separate from the retaliation and due process issues that Driver raised. Accordingly, we VACATE the district court's decision in part, and REMAND for further proceedings in connection with Driver's claims that the work assignments violated his constitutional rights.

MOTION TO SUPPLEMENT BRIEF GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART.